STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0967

LONESOME DEVELOPMENT, LLC

VERSUS

TOWN OF ABITA SPRINGS

Judgment Rendered: **FEB 2 1 2025**

* * * * *

On Appeal from the
22nd Judicial District Court
Parish of St. Tammany, State of Louisiana
Trial Court No. 2019-14436

The Honorable William H. Burris, Judge Presiding

* * * * *

Alex B. Rothenberg            Attorneys for Plaintiff-Appellee,
Howard E. Sinor, Jr.          Lonesome Development, LLC
Phillip J. Antis, Jr.
New Orleans, Louisiana


Bruce A. Cranner             Attorneys for Defendant-Appellant,
Magdalena Majka              Dan Curtis, in his official capacity
Mandeville, Louisiana        as Mayor of the Town of Abita Springs
                             and in his individual capacity

* * * * *

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**WOLFE, J.**

This is an appeal of a contempt judgment granted by the trial court against the mayor of the Town of Abita Springs. For the following reasons, we dismiss this appeal based on the law-of-the-case doctrine.

## BACKGROUND

This is the third appeal arising out of the underlying litigation between Lonesome Development, LLC (Lonesome) and the Town of Abita Springs and its Mayor, Dan Curtis. The underlying facts have been fully set forth in this court's earlier opinions, **Lonesome Development, LLC v. Town of Abita Springs**, 2021-1463 (La. App. 1st Cir. 6/29/22), 343 So.3d 831, writ denied, 2022-01158 (La. 11/1/22), 349 So.3d 3 (**Lonesome I**), and **Lonesome Development, LLC v. Town of Abita Springs**, 2024-0396 (La. App. 1st Cir. 12/13/24), ___ So.3d ___, 2024 WL 5102212, rehearing denied, (La. App. 1st Cir. 12/27/24) (**Lonesome II**).

We focus on the facts relevant to this particular appeal, which is the second attempt by Mayor Curtis to overturn the trial court's February 29, 2024 judgment finding Mayor Curtis in contempt of court and ordering him to be incarcerated indefinitely until he agrees to come into compliance with the final and definitive judgment rendered in favor of Lonesome on April 5, 2022. The 2022 judgment ordered, among other relief, that Abita Springs comply with and render specific performance in accordance with the terms of a Planned Unit Development Agreement executed by Lonesome and Abita Springs in January 2018. See **Lonesome I**, 343 So.3d at 833-34. This court affirmed the 2022 judgment, and after the Louisiana Supreme Court denied Abita Springs' writ, that judgment became final and definitive. See **Lonesome II**, ___ So.3d at ___, 2024 WL 5102212 at *3.

Over a year after the 2022 judgment had become final and definitive, Lonesome filed a motion to enforce the judgment and for contempt and sanctions. The trial court heard the matter on February 7, 2024, and at the conclusion of the

2

hearing, the trial court found Mayor Curtis in contempt of court. On February 29, 2024, the trial court signed a judgment ordering Mayor Curtis to be incarcerated indefinitely until he agrees to come into compliance with the final and definitive 2022 judgment. Abita Springs and Mayor Curtis suspensively appealed separately, with Mayor Curtis filing briefs in both appeals. See **Lonesome II**, ___ So.3d at ___, 2024 WL 5102212 at *3. [R. 190] The appeal filed by Abita Springs was lodged before Mayor Curtis's instant appeal, which resulted in this Court's December 13, 2024, **Lonesome II** decision that affirmed the contempt judgment. **Lonesome II**, ___ So.3d at ___, 2024 WL 51002212 at *9. Mayor Curtis raises identical assignments of error in this appeal and files identical peremptory exceptions raising the objections of *res judicata* and no cause of action, all of which have already been fully considered and decided in favor of Lonesome and against Mayor Curtis. **Lonesome II**, ___ So.3d at ___, 2024 WL 51002212 at *9, n.12. Accordingly, Lonesome filed a motion to dismiss this appeal on the basis of the law-of-the-case doctrine.[1] Mayor Curtis opposed.

## LAW AND ANALYSIS

Lonesome's position regarding the law-of-the-case doctrine has merit. Pursuant to that doctrine, an appellate court will not revisit its own ruling of law on a subsequent appeal in the same case. See **Reed v. Louisiana Horticulture Commission**, 2021-0657 (La. App. 1st Cir. 12/22/21), 341 So.3d 66, 70, writ denied, 2022-00284 (La. 4/12/22), 336 So.3d 89. The law-of-the-case doctrine is the proper procedural principle for describing the relationship between prior judgments by trial and appellate courts rendered within the same case. **Id**. In Lonesome's motion to dismiss this appeal, Lonesome correctly points out that both parties recognize that the issues in this appeal and the appeal decided in **Lonesome II** are identical. In his

---

[1] We reference Lonesome's motion as one to dismiss, even though captioned as a "motion to terminate."

3

opposition brief, Mayor Curtis acknowledges that the issues are the same in both appeals, which prompted the parties' joint motion to consolidate. However, Mayor Curtis argues that the prior appeal decision did not consider the due process issues he raised in his individual capacity. We disagree with Mayor Curtis's assertion. The opinion in the prior appeal clearly noted the mayor's arguments about his individual versus representative capacity. See **Lonesome II**, ___ So.3d at ___, 2024 WL 5102212 at *4, n.8. Further, the mayor's argument is irrelevant to this appeal, because the contempt judgment was rendered against him in his official capacity, not in his individual capacity. Therefore, Mayor Curtis's individual liability is not before us.

Since the contempt judgment has already been fully considered and affirmed by this court, we find that the law-of-the-case doctrine requires us to grant Lonesome's motion and dismiss this appeal. Consequently, the contempt judgment in this appeal remains affirmed for the reasons thoroughly discussed in **Lonesome II**. For those same reasons, we find that Mayor Curtis's exceptions of *res judicata* and no cause of action are moot and are therefore denied.

## CONCLUSION

For the stated reasons, we grant Lonesome Development, LLC's motion to dismiss this appeal based on the law-of-the-case doctrine, because the February 29, 2024 contempt judgment has been affirmed by this court in **Lonesome Development, LLC v. Town of Abita Springs**, 2024-0396 (La. App. 1st Cir. 12/13/24), ___ So.3d ___, 2024 WL 5102212, rehearing denied, (La. App. 1st Cir. 12/27/24). Mayor Dan Curtis's peremptory exceptions of *res judicata* and no cause of action are denied as moot. Appeal costs are assessed against Mayor Dan Curtis in his official capacity.

**MOTION TO DISMISS GRANTED AND APPEAL DISMISSED; EXCEPTIONS DENIED.**

4